UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KELLY LEE BOARD,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

No.  1:14-CV-3165-RHW

**ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS**

      **BEFORE THE COURT** is Defendant's Motion to Dismiss. ECF No. 13. Attorney Joseph L. Koplin represents Plaintiff and Special Assistant United States Attorney Catherine Escobar represents Defendant. This motion was decided without oral argument.

## BACKGROUND

      On October 20, 2014, Plaintiff initiated this action by filing a complaint seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding him not disabled. ECF No. 1[1].  Defendant now moves the Court for an order dismissing the above-captioned case because it believes

---

[1] Plaintiff originally filed his complaint in the United States District Court for the Western District of Washington. The Judge entered an order to show cause as to the propriety of venue and Plaintiff agreed that the proper venue was the Eastern District of Washington. ECF No. 4. The matter was subsequently transferred to the Eastern District of Washington. ECF No. 5.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1**

Plaintiff did not file his civil action seeking review within the statutorily mandated 60-day time period. ECF No. 13 at 5. Defendant responded in opposition and asserted that the civil action for review was filed within the 60-day time frame. ECF No. 15 at 3.

## **DISCUSSION**

42 U.S.C. § 405(g) governs the procedure in which suits against the Commissioner must be brought. It provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The only contested issue in the instant motion is when Plaintiff received notice of the Appeals Council's denial of his request for review. A claimant is presumed to have received notice of the Appeals Council's action five days after the date on the notice, unless Plaintiff makes a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

Defendant has put forth evidence that the Appeals Council's notice was issued on August 13, 2014. ECF No. 14 (Weigel Decl. at ¶ 3). By operation of the regulations, Plaintiff is presumed to have received that notice five days later on August 18, 2014. 20 C.F.R. § 422.210(c). Thus, Defendant argues that Plaintiff's 60-day time period to file his civil action elapsed on October 17, 2014. Plaintiff did not file his complaint until October 20, 2014. ECF No. 1.

Plaintiff argues that he did not receive the Appeals Council's notice until August 22, 2014. ECF No. 15. His declaration states that he moved in the time between the initial hearing in front of the Administrative Law Judge in December of 2012 and the date of the notice from the Appeals Council in August of 2014.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2**

ECF No. 16 (Board Decl. at ¶ 3). Due to his change of address, he states that he never personally received the mailed notice and instead learned of the Appeals Council's decision via an email from his attorney on August 22, 2014. *Id* at ¶ 4. Counsel for Defendant also submitted a declaration describing his firm's procedure to date-stamp all incoming mail and produced a copy of the Appeal Council's notice with an August 22, 2014, date-stamp. ECF No. 17 (Koplin Decl. ¶¶ 2-3).

"Courts typically find denial of timely receipt, standing alone, insufficient to rebut the presumptive date of receipt, and require the submission of some corroborating evidence." *Phillips v. Astrue*, 2011 WL 6753089 * 3 (W.D. Wash. Nov. 29, 2011). Here, it is undisputed that Plaintiff moved during the relevant time period. ECF No. 16 (Board Decl. at ¶ 3). The declaration by Plaintiff's attorney regarding his firm's date-stamp procedure and his subsequent email notifying Plaintiff of the Appeals Council's decision corroborates Plaintiff's assertion that he did not learn of the notice until August 22, 2014. ECF No. 17 (Koplin Decl. ¶¶ 2-3). The Court finds that Plaintiff's declaration and his attorney's corroboration of the declaration weighs in favor of rebutting the presumption that Plaintiff received notice on August 18, 2014.

Furthermore, "[a] notice or request sent to your representative, will have the same force and effect as if it had been sent to you." 20 C.F.R. § 404.1715. Defendant filed a declaration signed by Robert Weigel who has the responsibility for processing claims filed in the State of Washington under Title II of the Social Security Act. ECF No. 14. He stated that he sent a copy of the Appeals Council's notice to both Plaintiff and his attorney on August 13, 2014. *Id*. (Weigel Decl. at ¶ 3). The Court has no reason to doubt that Mr. Weigel sent the notice to Plaintiff and Plaintiff's attorney on August 13, 2014, but it is undisputed that Plaintiff's attorney received the notice on August 22, 2014. ECF No. 17 (Koplin Decl. ¶¶ 2-

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3**

3). Plaintiff's attorney is located in Bellevue, Washington, and Plaintiff's former address, the one where the notice was sent, was in Maple Valley, Washington. ECF No. 17 (Koplin Decl.); (Board Decl. at ¶ 2). Thus, Plaintiff's former address and the address of his attorney are in the same general area[2], but Plaintiff's attorney did not receive notice until August 22, 2014—four days after he would have been presumed to by law. While there is no way to definitively know when the notice was delivered to Plaintiff's old address, it is reasonable to assume that because it was sent to both Plaintiff and his attorney on the same day from the same location, it was likely delivered to both within a day, if not the same day (given the relative proximity of their addresses). The Court finds that this four-day gap between the presumed delivery date and the actual delivery date to Plaintiff's counsel also weighs in favor of rebutting the presumption that Plaintiff received notice on August 18, 2014.

Accordingly, the Court finds that under the circumstances[3], Plaintiff has made a "reasonable showing" that he did not receive the Appeals Council's notice within the presumed five-day period. The Court finds that the effective date of notice was August 22, 2014, and Plaintiff filed his complaint on October 20, 2014. ECF No. 1. Therefore, the complaint was filed within the 60-day time limit set by the statute and it is properly before this Court.

Accordingly, **IT IS HEREBY ORDERED**:

---

[2] The distance between Maple Valley, Washington and Bellevue, Washington is approximately 25 miles.

[3] *See Bradford v. Astrue*, 2009 WL 3674417 * 3 (D. Or. Nov. 4, 2009) (holding that a plaintiff rebutted the presumption that he had received notice five days after decision date because of mail delivery delays around the holidays and his former attorney submitting a copy of the notice date-stamped as received nearly three weeks after the date on the Appeals Council's decision).

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4**

1.  Defendant's Motion to Dismiss, **ECF No. 13**, is **DENIED.**

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide copies to counsel.

DATED this 4th  day of May, 2015.


 *s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge